571 F.Supp. 389 (1983)
MONTELLO OIL CORPORATION, Plaintiff,
v.
APEX OIL COMPANY, Defendant.
No. 82-1219C(D).
United States District Court, E.D. Missouri, E.D.
September 15, 1983.
Harry Gershenson, St. Louis, Mo., Philipp G. Grefe, Boston, Mass., for plaintiff.
Kirsten Friedman, Newark, N.J., Bernard A. Barken and Richard D. Lageson, St. Louis, Mo., for defendant.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court upon the motion of defendant Apex Oil Company (hereinafter Apex) to dismiss, or in the alternative, for summary judgment on plaintiff's claim, as well as on its own counterclaim. As additional materials beyond the pleadings have been filed and considered, defendant's motion will be treated as a summary judgment motion. Also before the Court are plaintiff's motion to strike insufficient defenses and defendant's motion to strike amended complaint. In view of the disposition of the summary judgment motion discussed below, the Court will deny the latter motions as moot.

I. Background.

Plaintiff Montello Oil Corporation (hereinafter Montello), is a New Jersey corporation with its principal place of business in Massachusetts. Montello is in the business of trading petroleum products in the New York harbor, an area which includes facilities located in New Jersey. Apex is a Missouri partnership consisting of two general partners, both of whom are Missouri corporations. Apex is in the business of buying, selling and transporting petroleum products in the New York harbor. Marin Motor Oil Company (hereinafter Marin), a New York corporation not a party in the present action, was also in the business of trading petroleum products. Marin's principal place of business was in New Jersey.
The following is a summary of the facts alleged by Montello. In March, 1981, Montello entered into an agreement to sell Marin twenty five thousand (25,000) barrels of gasoline on credit, subject to the approval of the credit by Montello. Montello in turn nominated a barge to procure the gasoline from Apex. On the day the transaction was scheduled to take place, Marin cancelled *390 the order, and Montello therefore immediately cancelled its order from Apex. Confused as to the reasons for Marin's cancellation, Montello, from its offices in Massachusetts, contacted Apex by telephone at its offices in St. Louis, and inquired as to Marin's financial status. Apex was listed by Marin as a credit reference. Apex's agent allegedly replied that Marin was a valid credit risk. On the basis of this allegedly false representation, Montello later proceeded with the sale of the gasoline to Marin, on credit. Marin later defaulted on the debt and declared bankruptcy.
Montello further alleges that Apex's false representation as to Marin's financial status was part of a fraudulent scheme. Under the scheme, Marin received the gasoline purchased from Montello, which was in turn purchased from Apex, and immediately transferred it back to Apex in satisfaction of a separate, previously owed debt. Thus, Apex succeeded in having its debt from Marin satisfied by inducing Montello to sell to Marin on credit.
Subsequent to, and separate from, the above transactions, Montello purchased a quantity of petroleum from Apex on credit, and thereafter refused to pay the bill on the grounds that Apex was responsible, because of its misrepresentation, for Montello's loss on the Marin transaction. Essentially, Montello claims an offset. That second transaction is the basis for Apex's counterclaim.
Defendant now moves for summary judgment on plaintiff's claim, on the grounds that either Missouri or Massachusetts law applies, and that plaintiff's claim is barred by the statute of frauds of both of these jurisdictions.[1] Plaintiff urges the Court instead to apply the law of New Jersey, where an action for oral misrepresentation is permitted.
Defendant seeks summary judgment on its counterclaim on the grounds that there are no material issues of fact and that plaintiff has admitted the existence and non-payment of the debt. Plaintiff argues that defendant's counterclaim is barred by promissory estoppel.

II. Choice of Law.

Plaintiff's action was originally filed in the United States District Court for the District of New Jersey, and was transferred to this District, by motion of the defendant, pursuant to 28 U.S.C. § 1404(a). Hence, this Court is required to apply the substantive law that would have been applied by the New Jersey court. Van Dusen v. Barrack, 376 U.S. 612, 639, 84 S.Ct. 805, 820, 11 L.Ed.2d 945 (1964). The federal court in New Jersey, in turn, would have been required to apply the substantive law of the state of New Jersey. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This includes the conflict of laws' principles that would have been applied by the state. Klaxon v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Accordingly, this Court must apply the choice of law principles embraced by New Jersey law.
New Jersey has expressly adopted the governmental interest approach to choice of law problems. Henry v. Richardson-Merrell, Inc., 508 F.2d 28 (3rd Cir.1975). Under the two-step analysis of this approach:
The court determines first the governmental policies evidenced by the laws of each related jurisdiction and second the factual contacts between the parties and each related jurisdiction. A state is deemed interested only where application of its law to the facts in issue will foster that state's policy.
Id. at 32.
The policy evidenced by the Missouri statute is straightforward and clear; it is to protect its citizens from being drawn improvidently into third party conflicts in situations *391 where the nature of the assurance cannot be clearly established by documentary evidence, and to limit the possibility of perjury. Tenna Mfg. Co., Inc. v. Columbia Union National Bank & Trust Co., 484 F.Supp. 1214, 1219 (W.D.Mo.1980). Apex admittedly is a citizen of Missouri. Prohibiting a cause of action in this case therefore would directly foster that policy; conversely, permitting a cause of action would directly impair enforcement of that policy.
New Jersey's law permitting an action for oral misrepresentation can be said to foster a liberal policy of protection of its citizens from fraudulent misrepresentation. The extent to which that interest would be fostered is primarily determined by the interest New Jersey has in protecting a plaintiff such as Montello. Here, New Jersey contacts with the plaintiff are not significant; it is the state where the plaintiff is incorporated and the state (along with New York) where plaintiff's product is physically transferred to or from other parties. By contrast, Massachusetts[2] is the state where the plaintiff's principal place of business is located, where corporate offices are located, and where corporate decisions are made. It is, in essence, the nerve center of the corporation. Permitting such a plaintiff to claim protection under New Jersey law would thus foster New Jersey policy to a significantly lesser degree than if Montello were based in New Jersey, in the way that Apex is based in Missouri.
This result is supported by analysis of the relative contacts of each forum to the cause of action itself. New Jersey was in no way connected to the facts giving rise to the alleged wrong.[3] By contrast, Missouri was the state where the alleged misrepresentation took place, as well as the principal place of business and state of incorporation of the alleged wrongdoer.
In view of the foregoing analysis, the Court finds that Missouri has a greater interest in the outcome of the present litigation, and that Missouri law therefore should apply under the Richardson-Merrell test. Under Missouri law, plaintiff's action is barred as a matter of law. Accordingly, defendant is entitled to prevail, and the case must be dismissed.

III. Counterclaim.

Apex's counterclaim is for payment of a sum of One Million Two Hundred Thirty Eight Thousand Seven Hundred Thirty Dollars and Sixty Eight Cents ($1,238,730.68) which is allegedly due and owing on the sale of petroleum by Apex to Montello, in a transaction subsequent to the Marin transactions. Montello does not deny facts giving rise to debt, or that, absent a defense, the debt is owed to Apex. Rather, it argues that as a matter of law, it is entitled to withhold the amount owed in satisfaction of the amount to which it feels entitled as a result of the allegedly fraudulent Marin transactions. Consequently, the issue is appropriate for summary judgment.
Plaintiff's defense to the summary judgment motion is grounded in promissory estoppel. Montello argues that Apex "in essence" made a promise that it was continuing to do business with Marin Oil, and that in reliance on that promise, Montello sold oil to Marin. Thus, argues plaintiff, Apex is liable for the value of the product sold to Marin.
Plaintiff's reliance upon the promissory estoppel doctrine is frivolous and entirely misplaced. That doctrine contemplates a promise from one party to another to perform, and a subsequent reliance by the second party on the promise. Having induced reliance, the first party is estopped *392 from asserting it had no obligation to perform on the promise. Restatement (Second) of Contracts § 90 (1981). Even assuming plaintiff's version of the facts to be true, it is clear that plaintiff is not attempting to estop defendant from denying liability on its "promise" to "continue to do business with Marin Oil".
Defendant is quite correct in asserting that a right to set-off must be based upon a liquidated debt, and that plaintiff's claim for intentional tort does not constitute a liquidated debt. Edmonds v. Stratton, 457 S.W.2d 228 (Mo.App.1970). In any event, the disposition of the primary action is dispositive of any arguable right to claim a set-off.
NOTES
[1] Mo.Rev.Stat. § 432.040 (1978) provides as follows:

No action shall be brought to charge any person upon or by reason of any representation or assurance made concerning the character, conduct, credit, ability, trade or dealings of any other person, unless such representation or assurance be made in writing, and subscribed by the party to be charged thereby, or by some person thereunto by him lawfully authorized.
M.G.L. c. 259 § 4 uses the same language.
[2] Application of Massachusetts' law is not really at issue here. Since the policy of Massachusetts is to protect defendants, it has no interest in prohibiting a plaintiff from recovering from a non-citizen defendant.
[3] Plaintiff in its brief goes to great lengths to point out that the various transfers of the products took place within New Jersey. However, the alleged verbal representation made by the parties, and not the transfer of products arising from those representations, are the subject matter of this action. Since New Jersey was merely the state where the representations, made in Missouri and received in Massachusetts, were acted upon, New Jersey's interest in prohibiting such fraudulent communication would not be promoted by application of New Jersey law.